IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RICHARD EPPS** | § | |
| Plaintiff, | § | |
| | § | **CIVIL ACTION** |
| | § | **FILE NO: 4:20-cv-00629** |
| **v.** | § | |
| | § | |
| | § | **JURY DEMANDED** |
| | § | |
| **HARRIS COUNTY** | § | |
| Defendant. | § | |

---

### PLAINTIFF'S ORIGINAL COMPLAINT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, Plaintiff, Richard Epps, (hereinafter referred to as "Plaintiff") and complains of Defendant, Harris County ("Harris County" or "Defendant") and for cause of action would show the Court as follows:

### I.    NATURE OF THE ACTION

### II.    PARTIES

1.    Plaintiff Richard Epps is an individual citizen of the State of Texas residing in Harris, Harris County, Texas. Richard Epps was born in the United States and is a citizen of the United States.

2.    Defendant Harris County is a county located in the State of Texas. The County funds and operates the Harris County Jail. The County may be served by serving its County Attorney, Vance Ryan at 1019 Congress, 15th Floor, Houston, Texas 77002.

### III.   JURISDICTION AND VENUE

3.      The Court has jurisdiction over the action pursuant to 28 U.S.C.  §§ 1331 and 1334 because Plaintiffs are suing for relief under 42 U.S.C. § 1983 and supplemental jurisdiction over this matter because the resolution of this matter will turn on substantial state law claims that  are so related to the federal claims that they are part of the same "case" or "controversy" for purposes of Article III of the United States Constitution. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division under 28 U.S.C. section 1391(b)(1) because Defendant Harris County, Texas resides in this district. Venue is also proper in this district under 28 U.S.C. section 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### IV.   CONDITIONS PRECEDENT

4.      All conditions precedent have been performed or have occurred.

### V.   FACTS

5.      Richard Epps was diagnosed with an aggressive form or melanoma cancer on or about December 28, 2017.  The cancer was present in the form of a small dot on his left cheek. The dot was approximately 2 mm by 2 mm in diameter.

6.      Richard Epps then sought treatment in Houston, Texas for his cancer.

7.      At the time of the diagnosis, Richard Epps did not have medical insurance. As such, he had to apply for and become eligible for health insurance which took approximately two months.

8.      Upon obtaining medical insurance, Richard Epps was then scheduled to have minor surgery to remove the cancer from his left check on approximately March 22, 2018.  His doctors assured him that although the cancer was dangerous and aggressive, they were confident that it could be removed and Mr. Epps could lead a normal life.

9.      Mr. Epps was arrested by the Harris County Sheriff's office on March 16, 2018 in

west Houston on an outstanding warrant.

10.     Mr. Epps was incarcerated at the Harris County Jail.

11.     Mr. Epps informed the jail staff and jail medical staff of his cancer, his diagnosis, and the impending surgery upon his intake to the Harris County Jail.

12.     Despite this, the jail staff did nothing to treat Mr. Epps.

13.     While incarcerated in Harris County Jail, Mr. Epps filled out an I-60 form requesting medical treatment for his cancer. Mr. Epps would fill out this form on a weekly basis, and sometimes multiple times in a week. The Harris County Jail and its staff did nothing to treat Mr. Epps cancer.

14.     Each week Mr. Epps noticed the small spot on his cheek grown. By October of 2018 it had grown to the size of a plate.

15.     Mr. Epps was incarcerated at the Harris County Jail until he was finally released in November of 2018.

16.     Mr. Epps had complained of his cancer on a near daily basis and submitted many request for medical treatment but received nothing.

17.     Upon his release he went to the hospital and the prognosis was severe. Mr. Epps had to undergo additional diagnostics to determine the best way to treat the cancer as it had grown substantially.

18.     Mr. Epps cancer had spread significantly and he would now require major surgery to remove a large portion of his face, the removal of skin from his legs and back to attach back to the face, and then radiation and chemotherapy as the cancer had spread significantly.

19.     The surgery was performed on January 3, 2019 in Harris County, Texas.



20.     Mr. Epps required painful surgery and skin grafts. Mr. Epps prognosis is not good. The cancer has spread to other parts of his body and his life expectancy is less than ten years.

21.     As a result of the conduct of Harris County, Plaintiff suffered damages.  At all relevant times, Harris County employees were acting within the course and scope of their employment as Harris County detention service officers. At all relevant times, Harris County detention service offices were acting under color of the laws and regulations of the State of Texas and Harris County. Harris County had polices and/or customs in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals.

22.     Richard Epps has a general right, pursuant to the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, to a protected liberty and privacy interest, and to  be free from intrusion into and onto his body by persons acting under color of law. Moreover, the Defendant had an affirmative duty to treat the cancer of Richard Epps and not let it become significantly worse to the point that his life will be forever altered and likely shortened. .

## VI.   COUNT ONE – VIOLATIONS OF 42 U.S.C. § 1983 (AGAINST DEFENDANT HARRIS COUNTY)

23.   Plaintiff hereby incorporates by reference, as if fully set forth herein, all of the factual allegations contained in this complaint.

24.   Defendant Harris County acted with intentional and/or reckless disregard for Plaintiff's right to substantive and procedural due process by failing to provide medical treatment in violation of Plaintiff Epps's right to bodily integrity and Plaintiff Epp's right to be free from any punishment, especially cruel and unusual punishment, without due process of law.

25.   Defendant Harris County has the right and duty to control the conduct of its employees, particularly those in such powerful positions as the detention offices that failed to allow Mr. Epps to receive medical treatment. The acts and conduct of Defendant Harris County, in allowing this to occur, is evidence that Defendant Harris County condoned and ratified the wrongful conduct of its employees. Such actions were willful, deliberate, malicious, or with reckless disregard for the due process rights of the Plaintiff.

26.   Defendant Harris County was vested with the duty and obligation to properly supervise its detention offices and medical staff, who wholly failed to treat Mr. Epps' cancer..

27.   Defendant Harris County acted with deliberate indifference to Mr. Epps' due process rights because it failed to adequately train its subordinates to identify, report, and provide medial treatment to inmates in the Harris County jail, and failed to monitor inmates like Mr. Epps who had severe health issues. This failure to train amounts to deliberate indifference to the rights of persons with whom the subordinates come into contact and the failure was a proximate cause of the injuries suffered by Plaintiff.

28.   Defendant Harris County acted with deliberate indifference to Plaintiff's due process rights by failing to treat Plaintiff's cancer, a condition that was known to detention officers and Harris County by virtue of the fact that Mr. Epps repeatedly told them and filled out

and submitted the paperwork for medical treatment.

29.     Plaintiff alleges the following actions of Defendant Harris County in support of his claims, including but not limited to:

- •     Ignoring Mr. Epps medical condition upon his intake;

- •     little or no supervision of the jail personnel in contact with inmates like Mr. Epps at the Harris County Jail;

- •     a lack of supervision coupled with a policy that allowed jail personnel to ignore an inmate suffering from cancer and denying him and others similarly situated treatment, creating an obvious, substantial risk of serious harm and injury;

30.     The actions of Defendant Harris County demonstrate a continuing, widespread, and persistent pattern of unconstitutional conduct by Harris County employees at the Harris County Jail. Defendant Harris County's conduct constitutes a custom of deliberate indifference to misconduct by Harris County Jail staff that caused injury to Richard Epps in violation of section 1983.

31.     The actions of Defendant constituted a deprivation of life, liberty, and/or property without due process of law. As a direct result of the abuses, Plaintiff suffered, and continues to suffer, serious mental, emotional, and physical injuries.

32.     Plaintiff also alleges a special relationship arises under the facts of this particular case that gives rise to the affirmative duty on the part of Defendant Harris County to treat inmates suffering from serious health issues such as cancer, as in this case. Richard Epps' liberty was restricted when he was incarcerated. Richard Epps was not free to leave, and he had no means to protect himself given his incarceration and vulnerability, which was exacerbated by his medical condition (of which Defendant Harris County had knowledge). Under these circumstances, Defendant Harris County had a duty to protect Plaintiff from harm, but failed to do

so, which was the direct and proximate cause of constitutional injury.

33.    Defendant Harris County's actions demonstrated both an objectively serious risk of harm  that Defendant Harris County knew about, and could have prevented, but did not. The actions of Defendant Harris County  therefore  demonstrated  a  deliberate  indifference  to Plaintiff's due process rights.

34.    Plaintiff pleads her section 1983 claim under the alternative theories of conditions of  confinement and episodic acts or omissions. *Shepherd v. Harris County,* 591 F.3d 445, 452 (5th Cir. 2009).

35.    Plaintiff are entitled to an award of attorney's fees as a prevailing party pursuant to 42 U.S.C. Section 1988.

## VII.    DAMAGES

36.    As a result of Defendant's conduct, Plaintiffs have suffered serious and substantial damages  and injuries for which she requests the award of the following categories of damages:

- • Actual damages

- • The physical pain and suffering Richard Epps has separately endured in the past and in the future;

- • Reasonable medical care and rehabilitation services expenses in the past and in the future;

- • Mental anguish and emotional pain and suffering in the past and in the future;

- • Loss of capacity for enjoyment of life in the past and in the future;

- • Lost wages and lost earning capacity in the past and in the future; and

- • Loss of future earnings and contributions to Plaintiff;

- • Pre-judgment interest; and

- • Post judgment interest.

- Loss of quality of life

- Exemplary and punitive damages

## VIII. ATTORNEY'S FEES

37.     Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §1988(b).

## IX. JURY DEMAND

38.     Plaintiff demands a trial by jury.

## X. PRAYER

39.     For these reasons, Plaintiff asks for judgment against Defendants for the following:

- Actual damages;

- Reasonable attorney fees;

- Prejudgment and postjudgment interest

- Costs of suit; and

- All other relief the Court deems appropriate

Respectfully submitted,

THE LAW OFFICES OF JOE M. WILLIAMS & ASSOCIATES, P.L.L.C.

By:     /s/ *Joe Williams*
Joe M. Williams
State Bar No. 24063066
Fed ID No. 997092
jwilliams10050@gmail.com
133 N. Friendswood Drive, Suite 152
Friendswood, Texas 77546
Telephone:     (281) 923-3000
Facsimile:     (832) 827-4306

The Law Offices of Jeremy W. McKey, PLLC

 /s/ Jeremy McKey
Jeremy W. McKey
State Bar No. 24053353
2695 Villa Creek Drive, Suite 155
Harris, Texas 75234
214-855-8788 – Telephone
888-638-1552 – Facsimile
Eservicejmckeylawfirm@gmail.com

**ATTORNEYS FOR PLAINTIFFS**